

# The Attorney General of Texas

June 1, 1983

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Carl A. Parker
Chairman
Senate Education Committee
Texas State Senate
P. O. Box 12068, Capitol Station
Austin, Texas    78711

Opinion No.  JM-36

Re:  Whether student evaluations of faculty members are open to the public if they are used to make promotion and salary decisions

Dear Senator Parker:

You have requested our opinion as to whether student evaluations of faculty members are open to the public under the Open Records Act, article 6252-17a, V.T.C.S., if such evaluations are a factor in determining faculty tenure, promotions and/or salary. You suggest that such information might be excepted from disclosure by section 3(a)(2) of the Open Records Act, as:

> information in personnel files, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.

The scope of employee privacy under section 3(a)(2) is very narrow. Open Records Decision Nos. 336, 315 (1982). It may be invoked only when information reveals "intimate details of a highly personal nature." Open Records Decision Nos. 315 (1982); 298, 284 (1981). In Open Records Decision No. 316 (1982), the attorney general ruled that disclosure of even highly subjective comments from character references ordinarily does not, without more, constitute a "clearly unwarranted" invasion of personal privacy.

In our opinion, however, individualized student evaluations are excepted from disclosure by sections 3(a)(14) and 14(e) of the Open Records Act. Open Records Decision No. 332 (1982). Even unsigned student comments might make the student's identity "easily traceable through the handwriting, style of expression, or the particular incidents related in the comments." Open Records Decision No. 224 (1979). Even if the information does not identify individual students and is not in their handwriting, it may be withheld if there is a relatively small number of students to which it could be applicable. Open Records Decision No. 294 (1981). Thus, at the present time, it appears that, although section 3(a)(2) might occasionally except

particular student evaluations of faculty members, it ordinarily does not do so.  Such evaluations are excepted by section 3(a)(14), however, if they identify individual students or their identities are easily detectable therefrom.

In certain circumstances, student evaluations might also be withheld under section 3(a)(11) of the Open Records Act, which excepts from disclosure:

> inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than one in litigation with the agency.

Evaluations may be excepted by this provision.  Open Records Decision Nos. 345 (1982); 168 (1977).  This office has recognized that section 3(a)(11) applies to advice, opinion, and recommendations prepared by consultants to a public body.  See Open Record Decision Nos. 344, 335 (1982); 298, 293, 273 (1981).  The scope of the term "consultants" has not been definitively established, but it certainly includes persons who are authorized to act, and do in fact act, in an official capacity on behalf of a governmental body.  Open Records Decision Nos. 283, 273 (1981).  Whether a student evaluator may properly be deemed a "consultant" will depend upon the facts of each particular case.  In our opinion, the student, in order to be regarded as a "consultant" under section 3(a)(11) must, at a minimum, make his evaluation in response to a duty arising from a properly authorized request from the university administration.

## S U M M A R Y

Student evaluations of faculty members may be withheld from the public under section 3(a)(14) of the Open Records Act if they identify individual students.  Such evaluations may also be withheld as intra-agency memoranda pursuant to section 3(a)(11) under certain circumstances.

Very truly yours,

JIM  MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Rick Gilpin
Jim Moellinger
Nancy Sutton